1  ADAM GORDON
   United States Attorney
2  JOSHUA C. MELLOR (CBN 255870)
   ASHLEY E. GOFF (CBN 299737)
3  PETER S. HORN (CBN 321358; NYBN 5333653)
   Assistant U.S. Attorneys
4  United States Attorney's Office
   880 Front Street, Room 6293
5  San Diego, California 92101-8893
   Telephone: (619) 546-9733/9735/6795
6  joshua.mellor@usdoj.gov
   ashley.goff@usdoj.gov
7  peter.horn@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
9

**FILED**

DEC 1 8 2025

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

10                 UNITED STATES DISTRICT COURT

11                SOUTHERN DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          Case No. 25 CR4822-TWR

13                  Plaintiff,
                                       **PLEA AGREEMENT**
14       v.

15  ANDREW NUNEZ (1),
         aka "Shooter,"
16       aka "Felon,"

17                  Defendant.

18       IT IS HEREBY AGREED between plaintiff, UNITED STATES OF AMERICA,

19  through its counsel, ADAM GORDON, United States Attorney, and Joshua C.

20  Mellor, Ashley E. Goff, and Peter S. Horn, Assistant United States

21  Attorneys, and defendant, ANDREW NUNEZ, with the advice and consent of

22  Antonio Yoon, counsel for defendant, as follows:

23  //

24  //

25  //

26  //

27  //

28  //

Def. Initials *AN*

I

## THE PLEA

A.    THE CHARGE

Defendant agrees to waive Indictment and plead guilty to Counts 1, 2, and 3 of the three-count Information charging defendant with two counts of Attempted Murder in Aid of Racketeering (Title 18, U.S.C., Secs. 1959(a)(5) and 2) and one count of Murder in Aid of Racketeering (Title 18, U.S.C., Secs. 1959(a)(1) and 2).

In exchange, the Government agrees, following sentencing and waiver of appeal, to dismiss any remaining counts without prejudice and not to seek additional charges or seek any other upward adjustments, departures, or variances except as provided in this agreement unless defendant breaches the plea agreement, or the guilty plea entered pursuant to this plea agreement is set aside for any reason. Defendant expressly waives all constitutional or statutory defenses to the reinstatement of any charges dismissed pursuant to this agreement.

B.    PRESERVATION OF EVIDENCE

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. In return for the Defendant's guilty plea, the government agrees not to bring any additional charges against the Defendant related to this offense.

C.    WITHDRAWAL OF APPEAL

Defendant further agrees that, no later than the date he enters his guilty plea before the District Judge or a Magistrate Judge in this case, he will withdraw any pending appeals relating to any federal juvenile transfer proceedings in the Southern District of California.

//

25CR *AN*

D.   PACKAGE RESOLUTION

This agreement is part of a "package" disposition as set forth in Section VI.E below.

## II

### NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offenses to which defendant is pleading guilty have the following elements:

**Counts 1 & 2: Attempted Murder in Aid of Racketeering Activity, Title 18, United States Code, Sections 1959(a)(5) and 2**

VICAR Attempted Murder Elements

1. On or about March 26, 2024 (Count One) and March 27, 2024 (Count 2), the charged enterprise (as defined in the Information and hereinafter referred to as the "Enterprise"), existed and was a union or group of individuals associated in fact, which was engaged in, or the activities of which affected, interstate or foreign commerce;

2. The Enterprise engaged in racketeering activity, as defined in 18 U.S.C. §§ 1959(b)(2) and 1961(4);

3. Defendant committed the following crime of violence: attempted murder, in violation of California Penal Code, Sections 664 and 187, as defined in Cal. Crim. 600; and

4. Defendant's purpose in committing the attempted murder was to gain entrance to, or to maintain, or to increase his position in the Enterprise.

//
//

Def. Initials _A.N_

Elements of California Penal Code Sections 664 and 187

    1. Defendant took at least one direct but ineffective step toward killing another person; and

    2. Defendant intended to kill that person.

**Counts 3: Murder in Aid of Racketeering Activity, Title 18, United States Code, Sections 1959(a)(1) and 2**

VICAR Murder Elements

    1. On or about March 27, 2024, the Enterprise existed and was a union or group of individuals associated in fact, which was engaged in, or the activities of which affected, interstate or foreign commerce;

    2. The Enterprise engaged in racketeering activity, as defined in 18 U.S.C. §§ 1959(b)(2) and 1961(4);

    3. Defendant committed the following crime of violence: murder, in violation of California Penal Code, Section 187, as defined in Cal. Crim. 560; and

    4. Defendant's purpose in committing the offense was to gain entrance to, or to maintain, or to increase his position in the Enterprise.

Elements of California Penal Code Section 187

    1. In attempting to commit murder, the defendant intentionally, willfully, deliberately, and with premeditation did a provocative act;

    2. Defendant knew that the natural and probable consequences of the provocative act were dangerous to human life and then acted with conscious disregard for life; and

    3. In response to defendant's provocative act, a third party killed another.

Def. Initials _A-N_

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed, and defendant agrees the Government could prove the following beyond a reasonable doubt:

1.   On or about March 26 and 27, 2024, the Enterprise existed and affected interstate commerce. For example, the Enterprise, including its leaders, members, and associates, communicated using mobile telephones. The Enterprise, including its leaders, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Sections 1959(b)(2) and 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise. At all times relevant to the Information, the enterprise operated in the Southern District of California and elsewhere.

2.   The charged Enterprise engaged in racketeering activity in at least the following manners:

a. Enriching members of the Enterprise through, among other things, the control of and participation in the distribution of narcotics in the territory controlled by the Wilmas gang.

b. Maintaining the control and authority of the Enterprise over the neighborhoods it controls, often through threats and acts of violence.

Def. Initials *A N*

c. Preserving, protecting, and expanding the power of the Enterprise through the use of intimidation, violence, threats of violence, assault, and murder.

d. Promoting and enhancing the authority of the Wilmas gang members and associates.

e. Utilizing juvenile gang members and associates in narcotics-trafficking, weapons distribution, the collection and transfer of "taxes" and narcotics proceeds, armed assaults, and murders for the Enterprise . The commission of an act of violence is often required of young Wilmas members to effect membership into the gang. Then, Enterprise members are aware that juvenile gang members, particularly those under the age of 16, are subject to significantly less custodial time in California state courts even if found guilty of the commission of violent offenses.

3.    Beginning on a date unknown and continuing up to and including March 27, 2024, there was an agreement between one or more persons to murder Victim 1. Specifically, defendant agrees the Government could prove beyond a reasonable doubt that members of the Sinaloa Cartel targeted Victim 1, among others, and sought to murder him while Victim 1 was located in the United States and the Southern District of California, and members of the Sinaloa Cartel worked with members of the Enterprise to locate and kill Victim 1.

4.    Defendant ANDREW NUNEZ ("NUNEZ") joined in that agreement, knowing its purpose and intending to help accomplish its purpose. As a juvenile at the time of the conduct described herein, NUNEZ knowingly and intentionally attempted to kill Victim 1 and committed the murder of Ricardo Sanchez, as described below, not only to enter, maintain, and

Def. Initials *A N*

increase his position in the Westside Wilmas, but also because he (and his coconspirators in the Westside Wilmas) knew—if apprehended for this conduct—that Nunez and Quintero were ineligible to be transferred to adult status under the laws of the State of California because they under the age of 16 at the time of the offense. For example, among other discussions defendant had with his co-defendant after being arrested for the conduct described here, defendant and codefendant JOHNCARLO QUINTERO ("QUINTERO") talked about not being able to "catch a…707" because of their age at the time, which referred to not being subject to adult transfer under California Welfare & Institutions Code Section 707 because California law precludes the transfer of juveniles to adult status under the age of 16.

    5.   On or about March 26, 2024, NUNEZ committed the following crime of violence: attempted murder of Victim 1, in violation of California Penal Code, Sections 664 and 187.

        a. On or about March 25, 2024, NUNEZ and QUINTERO traveled from Wilmington, California to San Diego, California as hitmen being paid to murder Victim 1.

        b. On or about March 26, 2024, QUINTERO and NUNEZ drove to a Chili's restaurant in Chula Vista, California, within the Southern District of California, where Victim 1 and Victim 1's family were eating, with the intent of killing Victim 1. In the parking lot, when Victim 1 and his family were leaving the Chili's restaurant, QUINTERO and NUNEZ pulled up behind Victim 1 and Victim 1's family. QUINTERO got out of the car, and QUINTERO shot Victim 1 with the intent to kill Victim 1. QUINTERO fired a single bullet that struck Victim 1's legs. After that single shot, QUINTERO's firearm

Def. Initials *AN*

1    jammed, and QUINTERO was unable to unjam the firearm in

2    time to shoot Victim 1 again.

3        c. QUINTERO got back into the car NUNEZ was driving, and NUNEZ

4        attempted to hit Victim 1 with their vehicle, to kill Victim

5        1. QUINTERO and NUNEZ then fled the scene.

6        d. NUNEZ's purpose in committing the attempted murder was to

7        gain entrance to, to maintain, and to increase his position

8        in Westside Wilmas.

9    6.    On or about March 27, 2024, defendant NUNEZ committed the

10   following crimes of violence: attempted murder of Victim 4, in violation

11   of California Penal Code, Sections 664 and 187; and murder of Ricardo

12   Sanchez, in violation of California Penal Code, Section 187:

13       a. In the early hours of March 27, 2024, QUINTERO, NUNEZ, and

14       Ricardo Sanchez drove to Victim 1's family home, within the

15       Southern District of California, for the purpose of

16       completing the murder of Victim 1. In exchange for finishing

17       the job of murdering Victim 1, QUINTERO, NUNEZ, and Sanchez

18       expected to be paid approximately $50,000 each.

19       b. QUINTERO, NUNEZ, and Sanchez approached Victim 1's home

20       each carrying at least one firearm. Victim 1's family

21       (including Victim 2 and Victim 3, a minor) and friend

22       (Victim 4) were located. Sanchez banged on the front patio

23       door. Victim 4 responded to the noise by opening the front

24       door.

25       c. QUINTERO and NUNEZ both shot at Victim 4 and

26       indiscriminately at Victim 1's family home. NUNEZ

27       intentionally, willfully, deliberately, and with

28       premeditation fired his firearm at Victim 4 and Victim 1's

Def. Initials  A N

house, creating a kill zone. NUNEZ knew that the natural and probable consequences of firing his gun was danger to human life, and NUNEZ acted with the intent of ending the life of Victim 4 and anybody within the kill zone he created, including who he hoped would be Victim 1. Victim 4 was shot in the hand, arm, and face by QUINTERO and NUNEZ, but Victim 4 survived.

d. In response to QUINTERO and NUNEZ's provocative acts, Victim 4 shot toward NUNEZ, QUINTERO, and Sanchez to protect himself and the others within the home and, in so doing, Victim 4 shot and killed Sanchez.

e. After that, QUINTERO and NUNEZ fled the scene.

f. NUNEZ's purpose in committing these acts was to gain entrance to, to maintain, and to increase his position in the Westside Wilmas.

6.   As a result of the conduct described above, defendant agrees that the amount of restitution owed to the victims is at least $250,000.

**III**

**PENALTIES**

The crimes to which defendant is pleading guilty carry the following penalties:

**Counts 1 & 2: Attempted Murder in Aid of Racketeering Activity**

A.   a maximum sentence of ten years;

B.   a maximum $250,000 fine;

C.   a mandatory special assessment of $100 per count;

D.   a term of supervised release of not more than 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum

Def. Initials *AN*

term of supervised release for the offense that resulted in such term of supervised release; and

E. forfeiture of all property, real and personal, constituting or derived from proceeds obtained directly or indirectly from the offense, and all property used or intended to be used to commit or to facilitate the commission of the violation.

F. mandatory restitution to the victim(s) of the offense or to the estate of the victim(s) pursuant to 18 U.S.C. § 3663A.

### Count 3: Murder in Aid of Racketeering Activity

A. a maximum sentence of death or life imprisonment[1];

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of not more than 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E. forfeiture of all property, real and personal, constituting or derived from proceeds obtained directly or indirectly from the offense, and all property used or intended to be used to commit or to facilitate the commission of the violation.

F. Mandatory restitution to the victim(s) of the offense or to the estate of the victim(s) pursuant to 18 U.S.C. § 3663A.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's rights at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

---

[1] Defendant understands that, because he was a juvenile at the time he committed the offense, Defendant is ineligible for the death penalty or for mandatory life in prison without the possibility of parole.

Def. Initials _A N_

E.   Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.   Not testify or have any adverse inferences drawn from the failure to testify.

G.   In addition, defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

**VI**

**DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to

11                      Def. Initials *AN*

possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.   No one has threatened defendant or defendant's family to induce this guilty plea;

D.   Defendant is pleading guilty because defendant is guilty and for no other reason; and

E.   The disposition contemplated by this agreement is part of a "package" disposition with co-defendant JOHNCARLO QUINTERO. If either defendant in the package fails to perform or breaches any part of their agreement, neither defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreement in the package.

### VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

### VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe

12                  Def. Initials _A N_

than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

**IX**

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

**X**

### PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, and Adjustments:

13                    Def. Initials *A-N*

Counts 1 and 2

1. Base Offense Level                                                    33
   [USSG §§ 2E1.3(a)(2) and 2A2.1(a)(1)]

2. Serious Bodily Injury to Victim                                      +2
   [USSG § 2A2.1(b)(1)(B)]

3. Offer / Receipt of Anything of Pecuniary Value                      +4
   [USSG § 2A2.1(b)(2)]

4. Use of a Minor [USSG § 3B1.4]                                       −*

Count 3

1. Base Offense Level                                                    43
   [USSG §§ 2E1.3(a)(2) and 2A1.1]

2. Use of a Minor [USSG § 3B1.4]                                       −*

**Combined Offense Level [USSG §§ 3D1.1(a)(3), 3D1.4(a)] 45***

Acceptance of Responsibility [§ 3E1.1]                                  −3

**\*The parties may argue the applicability of the use-of-a-minor enhancement. If it applies, as the Government may argue, then the Government will recommend a Combined Offense Level of 47 rather than 45.**

B.  <u>ACCEPTANCE OF RESPONSIBILITY</u>

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer;

4. Breaches this plea agreement in any way; or

14

Def. Initials  *AN*

5.    Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the defendant has agreed to forfeit.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS
      INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1). Furthermore, the Government may present any facts and circumstances known at the time of sentencing, including facts concerning the defendant's history and characteristics and any facts related to the conduct charged in the Information or agreed-upon to be dismissed after sentencing, to support its recommended sentence and to argue against the sentence recommended by the defense.

F.    THE PARTIES' RECOMMENDATIONS REGARDING CUSTODY

Pursuant to 18 U.S.C. § 3553(a), the Government will recommend a two-level downward variance from the advisory guideline range as calculated by the Government at the time of sentencing. The downward variance takes into consideration all the § 3553(a) factors, the

15                    Def. Initials _A N_

1  dismissal of any pending appeals, the waiver of appeal, and the
2  resolution of this case without further litigating any new substantive
3  motions.

4      After taking into consideration this downward variance, the
5  Government will recommend that Defendant be sentenced to a sentence
6  within the advisory guideline as calculated by the Government at the
7  time of sentencing, except that the Government will not recommend a
8  total sentence greater than 300 months (25 years) in prison. The
9  Government will recommend that Defendant's sentences on Counts 1, 2, and
10  3 run concurrently.

11      Defendant may recommend any lawful sentence.

12      G.   SPECIAL ASSESSMENT, FINES, FORFEITURE, AND RESTITUTION

13      a.   Special Assessment.  The parties will jointly recommend that
14  defendant pay a special assessment in the amount of $100.00 per felony
15  count of conviction to be paid forthwith at time of sentencing. Special
16  assessments shall be paid through the office of the Clerk of the District
17  Court by bank or cashier's check or money order payable to the "Clerk,
18  United States District Court."

19      b.   Forfeiture.  Defendant agrees and consents to the forfeiture
20  to the United States of all property seized in connection with this
21  case. Defendant agrees the property to be forfeited includes but is not
22  limited to all firearms, ammunition, firearm accessories, vehicles, and
23  cellular devices involved in the offenses. Defendant consents and agrees
24  to the immediate entry of order(s) of forfeiture as the Government deems
25  necessary. Defendant agrees that upon execution of this plea agreement
26  the Defendant's interest(s) in any and all seized properties is
27  terminated. Defendant waives all rights to receive notices of any and
28  all forfeitures. Defendant agrees that by signing this plea agreement

Def. Initials *AN*

he/she is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal

Def. Initials *AN*

conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

c.    <u>Restitution and Fines:</u>    The crimes set forth in Counts 1, 2, and 3 of the Information to which defendant is pleading guilty require the Court to enter an order pursuant to 18 U.S.C. § 3663A requiring Defendant make mandatory restitution to the victim(s) of the offense of conviction. ***Imposition of restitution is mandatory.*** Defendant agrees that Victims 1, 2, 3, and 4 are victims as defined in 18 U.S.C. § 3663A(a)(2). Defendant further agrees to imposition of restitution for all relevant conduct.

The parties estimate the amount of restitution will be at least $250,000. Defendant understands that this is only an estimate based on currently available information. The parties will recommend restitution of at least $250,000, but Defendant recognizes that the amount of restitution and Government recommendation may be higher depending on information at sentencing.   The Court may impose restitution of any amount based on information available at sentencing. Defendant agrees that a restitution award in an unanticipated amount is not grounds to withdraw defendant's guilty plea. Defendant also agrees that nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and to the U.S. Probation Office to calculate restitution.

Any restitution imposed shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order

18                    Def. Initials _A N_

1  referencing the criminal case number and made payable to the "Clerk,
2  United States District Court."

3      The parties agree that notwithstanding any Court imposed schedule
4  for payment of restitution, the total amount of the restitution shall
5  be due immediately and shall be deemed to be payable forthwith. Any
6  payment schedule imposed by the Court establishes only a minimum
7  obligation. Regardless of defendant's compliance, any payment schedule
8  does not foreclose the United States from exercising all legal actions,
9  remedies, and process available to collect the full restitution judgment
10 at any time, including but not limited to remedies pursuant to 18 U.S.C.
11 §§ 3613 and 3664(m)(1)(A).

12     The United States may run credit and other financial reports on
13 defendant using public and non-public databases and share such
14 information with the Court and the U.S. Probation Office. Defendant also
15 authorizes the Internal Revenue Service to transmit to the United States
16 Attorney's Office copies of Defendant's tax returns until the fine and
17 restitution are paid in full and forfeiture judgment fully paid, and
18 defendant will promptly execute any documents necessary to carry out
19 this authorization.

20     **Not later than 30 days after execution of the plea agreement,**
21 **defendant shall complete and provide to the United States, under penalty**
22 **of perjury, a financial disclosure form listing all defendant's current**
23 **and projected assets and financial interests valued at more than $1,000.**
24 These include all assets and financial interests in which defendant has
25 an interest (or had an interest prior to March 26, 2024), direct or
26 indirect, whether held in defendant's name or in the name of another,
27 in any property, real or personal, including marital and community
28 property. Defendant shall also identify all assets valued at more than

Def. Initials *AN*

$1,000 which have been transferred to any third party since March 26, 2024, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets. Defendant will provide complete, updated financial information promptly upon request, until the judgment debt, including all accrued interest, is paid in full. Defendant agrees to provide all supporting documentation for the financial statements, including state and federal income tax returns, bank and brokerage statements of accounts, and real property records.

From the date this plea agreement is executed until the restitution and any fine imposed by the Court are paid in full, defendant shall notify the Asset Recovery Section, United States Attorney's Office, of (i) any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, and (ii) at least 30 days before Defendant transfers any interest in property owned directly or indirectly by defendant worth over $1,000. This obligation covers any interest in property obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

Defendant shall immediately notify the Asset Recovery Section of the United States Attorney's Office of any material change in defendant's financial condition.

Defendant will make a good faith effort to pay all restitution, fine, and forfeiture ordered by the Court. Regardless of Defendant's compliance with any payment schedule established by the Court, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection

20                          Def. Initials *A N*

1    remedies at any time. Defendant waives all demands for payment of the
2    restitution and fine. Defendant agrees to the entry of the restitution
3    and fine into the Treasury Offset Program ("TOP") and agrees that the
4    judgment debt will remain in the TOP until paid in full. Defendant waives
5    all notices of TOP and offsets, and waives all rights to contest TOP
6    offsets.

7         H.    SUPERVISED RELEASE

8         The Government is free to recommend a period of supervised release.
9    Defendant shall not seek to modify, reduce, or terminate early any term
10   of supervision imposed without the advance written consent of the
11   Government and may not seek any modification, reduction, or terminations
12   without having first paid in full all amounts ordered by the Court.

13                                  **XI**

14        **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

15        Defendant waives (gives up) all rights to appeal and to collaterally
16   attack every aspect of the conviction and sentence, including appeal of
17   any underlying federal juvenile proceedings, any forfeiture order, and
18   any restitution order up to $1,500,000. This waiver includes, but is not
19   limited to, any argument that the statute of conviction or defendant's
20   prosecution is unconstitutional, any argument that there was a violation
21   of any speedy trial rights, and any argument that the facts of this case
22   do not constitute the crime charged. The only exception is that Defendant
23   may collaterally attack the conviction or sentence on the basis that
24   defendant received ineffective assistance of counsel. If defendant
25   appeals, the Government may support on appeal the sentence, forfeiture
26   order, or restitution order actually imposed.

27   //
28   //

Def. Initials _A N_

## XII

### <u>BREACH OF THE PLEA AGREEMENT</u>

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.   Failing to plead guilty pursuant to this agreement;

B.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

C.   Failing to appear in court;

D.   Attempting to withdraw the plea;

E.   Filing any substantive motion after the plea is entered;

F.   Failing to abide by any court order related to this case;

G.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

H.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed,

Def. Initials _A.N_

1 or not filed as a result of this agreement (defendant agrees that any
2 statute of limitations relating to such charges is tolled indefinitely
3 as of the date all parties have signed this agreement; defendant also
4 waives any double jeopardy defense to such charges). In addition, the
5 Government may move to set aside defendant's guilty plea. Defendant may
6 not withdraw the guilty plea based on the Government's pursuit of
7 remedies for defendant's breach.

8      Additionally, if defendant breaches this plea agreement: (i) any
9 statements made by defendant, under oath, at the guilty plea hearing
10 (before either a Magistrate Judge or a District Judge); (ii) the factual
11 basis statement in Section II.B in this agreement; and (iii) any evidence
12 derived from such statements, are admissible against defendant in any
13 prosecution of, or any action against, defendant. This includes the
14 prosecution of the charge(s) that is the subject of this plea agreement
15 or any charge(s) that the prosecution agreed to dismiss or not file as
16 part of this agreement, but later pursues because of a breach by the
17 defendant. Additionally, defendant knowingly, voluntarily, and
18 intelligently waives any argument that the statements and any evidence
19 derived from the statements should be suppressed, cannot be used by the
20 Government, or are inadmissible under the United States Constitution,
21 any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
22 the Federal Rules of Criminal Procedure, and any other federal rule.

23                              **XIII**

24           **CONTENTS AND MODIFICATION OF AGREEMENT**

25      This plea agreement embodies the entire agreement between the
26 parties and supersedes any other agreement, written or oral. No
27 modification of this plea agreement shall be effective unless in writing
28 signed by all parties.

Def. Initials _A N_

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Def. Initials _AN_

## XV

### <u>DEFENDANT SATISFIED WITH COUNSEL</u>

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

12/16/2025
_____
DATED

_____
JOSHUA C. MELLOR
ASHLEY E. GOFF
PETER S. HORN
Assistant U.S. Attorneys

12/16/25
_____
DATED

_____
ANTONIO YOON
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

12/16/2
_____
DATED

_____
ANDREW NUNEZ
Defendant

Approved by:

/s/ Matthew J. Sutton
_____
MATTHEW J. SUTTON
Chief, Organized Crime Section

25                          Def. Initials _____