ADAM GORDON
United States Attorney
JOSHUA C. MELLOR
California Bar No. 255870
ASHLEY E. GOFF
California Bar No. 299737
PETER S. HORN
California Bar No. 321358
New York Bar No. 5333653
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: 619-546-9733/9735/6795
joshua.mellor@usdoj.gov
ashley.goff@usdoj.gov
peter.horn@usdoj.gov

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHNCARLO QUINTERO (2),<br>  aka "Dumper,"<br><br>  Defendant. | Case No.: 25-CR-4822-TWR-02<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date:  March 13, 2026<br>Time:  2:00 p.m.<br>Courtroom 14A |
|---|---|

The government recommends Defendant Johncarlo Quintero be sentenced to a total of 300 months in custody and five years of supervised release, and that the court order restitution in the amount of $250,000. With his co-defendant Andrew Nunez, Quintero was a shooter in an attempted hit on a target of the Sinaloa Cartel. He made two attempts on the victim's (Victim 1's) life, the second of which involved the killing of one of their fellow gang members and co-conspirators, Ricardo Sanchez, and which is the basis for the murder count to which Quintero has pleaded guilty. Based on the plea agreement, the guidelines

below, and the § 3553(a) factors, the government recommends a total sentence of 300 months in custody.

## I.  SENTENCING GUIDELINES

The United States moves this Court to adopt the following Guidelines and sentencing calculations:

**Counts One & Two – Attempted Murders of Victim 1 and Victim 4**
| | |
|---|---|
| Base Offense Level [USSG § 2E1.3(a)(2)] | 33 |
| Serious Bodily Injury [USSG § 2A2.1(b)(1)(B)] | +2 |
| Offer of Pecuniary Value [USSG § 2A2.1(b)(2)] | +4 |
| *Adjusted Offense Level* | *39* |

**Count Three –Murder of Sanchez**
| | |
|---|---|
| Base Offense Level [USSG § 2E1.3(a)(2)] | 43 |
| *Adjusted Offense Level* | *43* |

**Multiple Count Adjustment [USSG § 3D1.4]**
| | |
|---|---|
| Count 1 | 1 Unit |
| Counts 2 & 3[1] | 1 Unit |
| *Total Number of Units* | *2.0* |

**FINAL CALCULATION:**
| | |
|---|---|
| Greater of Adjusted Offense Level | 43 |
| Increase in Offense Level for Multiple Counts | +2 |

---

[1] The United States believes that Counts 2 and 3 group under U.S.S.G. § 3D1.2(a) given the unique circumstances of the provocative act murder committed by Quintero and Nunez for the death of their coconspirator, Ricardo Sanchez. Under § 3D1.2(a), "counts are to be grouped together when they represent essentially a single injury or are part of a single criminal episode or transaction involving the same victim." U.S.S.G. § 3D1.2, appl. note 3. For example, when one count charges an attempt and the other count charges the commission of the same offense, the counts will be grouped under § 3D1.2(a). *Id.* Additionally, the term "victim" in § 3D1.2 is "not intended to include indirect or secondary victims." *Id.* at appl. note 2. Here, Count 2 charges the attempt murder of Victim 4 and Count 3 charges the resulting death of a coconspirator by Victim 4's return fire. While there are circumstances under which an indirect victim or provocative murder may not group, the circumstances here warrant grouping the counts because (1) Sanchez is not a "victim" as that term is defined in § 3D1.2 application note 2 given his role as a coconspirator, and (2) the provocative murder of a coconspirator is part of the same criminal episode as Count 2's attempted murder.

|   |   |
|---|---|
| Acceptance of Responsibility [3E1.1(b)] | -3 |
| <u>18 U.S.C. § 3553(a) Variance</u> | <u>-2</u> |
| Total Offense Level | 40 |
| Criminal History Category | I (1 point) |
| **USSG Range:** | **292 – 365 months**[2] |

**Government Rec. (concurrent):**   Count 1: 120 months
    Count 2: 120 months
    Count 3: 300 months

## II. STATEMENT OF FACTS

The facts of this case are aggravating. In late March 2024, Nunez, Quintero, and the co-conspirators charged in *United States v. Antunez, et al.*, 26-CR-402-TWR (related), attempted to kill Victim 1—a target of the Sinaloa Cartel. On March 26, 2024, Nunez and Quintero tracked Victim 1 to a Chili's restaurant in Chula Vista, Quintero shot but did not kill Victim 1 in front of Victim 1's child only because Quintero's gun jammed, and then Quintero and Nunez tried again later that night, during the early morning hours of March 27. Then, they (along with Sanchez) opened fire at Victim 1's residence, shooting another victim (Victim 4) multiple times. They were unsuccessful in killing Victim 1 and Victim 4, but Victim 1's family members were at the residence at the time, Victim 4 was shot multiple times, and Sanchez was shot and killed. Additional facts are summarized well in the PSR and the factual basis of Nunez's plea agreement. See PSR at 4-12; Plea Agreement at 5-9.

Quintero was involved in these offenses because he was a juvenile member—15 years old at the time—of the Westside Wilmas, a gang based in Wilmington, California. He willingly undertook the killing to not only advance his position within the gang, and the charged Enterprise here, but also because he believed he would be paid $50,000. In addition to conducting the hits as discussed above, and in the PSR and plea agreement, Nunez and Quintero coordinated with a member of the Mexican Mafia and associate of the

---

[2] The government can also file a sentencing summary chart if the court prefers, but it believes all relevant guideline calculations are included in this memorandum.

Sinaloa Cartel, who was located in Mexico and was another co-conspirator. The nature and circumstances of the offense are thus aggravating and justify the 300-month sentence recommended here.

The government has also considered potential mitigating information and other § 3553(a) factors, such as the need for specific and general deterrence and the sentences of other similarly situated defendants. On the latter point, the government is also recommending 300 months total for Nunez, in accordance with his plea agreement and the § 3553(a) factors. In terms of mitigation, Quintero was of course only 15 at the time of this offense. And, as a minor and up until his arrest, he was influenced by the circumstances of his upbringing as discussed in the PSR. *See* PSR 24-27.

However, Quintero was involved in prior criminal activity, as he fled from law enforcement while in possession of a firearm. While this resulted in a single criminal history point, he was still on probation at the time of the offenses in this case. *See* PSR at 23. Moreover, there is no indication he has disassociated with the gang. In fact, while in custody in this case, he has continued speaking with other Wilmas members and showing his continued membership and participation in the gang, including by continuing to have contact with Jovanny Enriquez (a charged coconspirator who closely coordinated Quintero's involvement). This is shown in his gang signs, his contacts, creation of a new social media account "d1dashootah" while in custody, discussions about gang activity and other members, and discussing gang violence. As a result, there is a strong need for specific deterrence in this case. There is also a strong need for general deterrence, given the nature of these offenses and the brazen violence—in public and at a private residence in this District—Quintero personally participated in. The Court's sentence should thus reflect the need to deter violence and other criminal activity in the United States by the Sinaloa Cartel and other criminal organizations operating across the border from our District in Mexico. Finally, the Court's sentence should also deter gangs and their juvenile members from committing violence based on the idea that they may receive little to no time in custody even if they are caught. See Plea Agreement at 7. Having considered this and other

information about Quintero's background, as also reported in the PSR, the government believes there is limited mitigation regarding Quintero. All of Quintero's mitigating factors discussed in the PSR are captured in the United States' recommendation of 300 months' custody.

Accordingly, consistent with the plea agreement and in consideration of all the § 3553(a) factors, the government requests that the Court sentence Quintero to 300 months in custody.

## III.  CONCLUSION

Based on the foregoing, the government recommends the Court sentence Quintero to 300 months' custody (120 months each for Counts 1 and 3, and 300 months for Count 3, all concurrent); 5 years of supervised release (3 years for Counts 1 and 3, and 5 years for Count 3, all concurrent); $300 special assessment; no fine; and $250,000 in restitution.

DATED: March 6, 2026

Respectfully submitted,

ADAM GORDON
United States Attorney

*/s/Ashley E Goff*
JOSHUA C. MELLOR
ASHLEY E. GOFF
PETER S. HORN
Assistant U.S. Attorney